*131 OPINION.
Steknpiagen :
The petitioner claims a deduction in 1931 for loss of $10,000, adopted by it as the cost in 1925 of the agency contract. It says it lost the contract in that year.
Really it lost nothing but its non juristic hope of renewal. The contract lived its full life of a year, and expired in- accordance with its own terms. jSTo oral assurance by Canada Dry officers is important in the face of the express terms of the written contract. One of the purposes served by putting a contract in writing is to avoid any dispute which might have been engendered by the more informal conversations of the parties; it leaves them free to talk with each other without fear of inadvertent commitments. The habit i-n the trade of renewing satisfactory distribution contracts has'no greater significance. Even if there had been in the writing an option to renew, it would not operate to establish a single contractual term from 1925 to 1931. Bonwit Teller & Co. v. Commissioner, 53 Fed. (2d) 381, 383; certiorari denied, 284 U. S. 690; this is-especially so since each year had its separate and complete contract.
*132 Petitioner argues that 1931 is the only year it could claim the loss, since nothing terminated in 1925 to give it a deduction then. This assumes that surely a deductible loss occurred some time, an assumption by no means irresistible. The petitioner issued shares for Van Landingh anrs assignment and measures its cost of the contract by his payments to Eastman for his interest in the earlier organization and to the Canada Dry corporation of the amounts embezzled by the former employees. Irrespective of whether this reasoning would have been valid to support a deduction in 1925, it does not establish the deduction in 1931.
Upon no theory has the petitioner established the deduction claimed. The respondent’s disallowance was correct.

Judgment will ~be entered for the respondent.